IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETTY JANE SINGER,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:06-CV-1005 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **MICHAEL ASTRUE,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

Before the Court is Betty Jane Singer's appeal of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claim for social security income ("SSI") filed pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3), Magistrate Judge Mannion's report and recommendation (Doc. No. 17), and Defendant's objections thereto (Doc. No. 18).

**I.    BACKGROUND**

On November 7, 2005, an Administrative Law Judge ("ALJ") for the Social Security Administration Office of Hearings and Appeals determined that Singer was not eligible for SSI benefits. In reaching her determination, the ALJ first found that Singer suffered from bipolar disorder and a drug and alcohol addiction. The ALJ then found, however, that Singer's addiction was a "contributing factor" to her disability and, therefore, that she could not be eligible for disability. After the Appeals Council denied Singer's request for review of the ALJ's decision, Singer appealed to this Court.

On review, Magistrate Judge Mannion recommended that this Court grant Singer's appeal and award her disability benefits because the ALJ's determination that Singer's substance abuse

was a contributing factor to her disability is not supported by substantial evidence.  Defendant objects to the report and recommendation.

## II.     STANDARD OF REVIEW

When a party objects to a report and recommendation of a magistrate judge, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b); L.R. 72.3.  The Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  Judicial review of the factual basis underlying a final decision denying SSI is limited to whether the Commissioner's findings substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate."  Pierce v. Underwood, 487 U.S. 552 (1988); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

## III.    DISCUSSION

In order to qualify as "disabled" for purposes of SSI benefits, a claimant must show that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In making the determination of "disability," an ALJ is required to engage in a three- to five-step sequential inquiry.  20 C.F.R. § 404.1520(a)(4).  If, after the ALJ has proceeded through the inquiry, the ALJ finds that a claimant is disabled and has found that there is "medical evidence of . . . drug addiction or alcoholism," 20 C.F.R. § 404.1535(a), the ALJ must then assess whether "alcoholism or drug addiction would (but for this subparagraph) be a

contributing factor material to the Commissioner's determination that the individual is disabled," 42 U.S.C. § 423(d)(2)(C). In evaluating whether alcoholism or a drug addiction is a "contributing factor material to the determination of disability," the regulations provide that "[t]he key factor [the ALJ will examine] is whether [the ALJ] would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1).

The Third Circuit has never addressed the issue of which party bears the burden under 42 U.S.C. § 423(d)(2)(C) to prove that alcoholism is a "contributing factor" to a finding of disability. The circuits that have considered the issue have held that the burden falls on the claimant to show that alcoholism was not a contributing factor. Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007); Doughty v. Apfel, 245 F.3d 1274, 1276 (11th Cir. 2001); Mittelstedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000); Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999). However, when the medical or psychological evidence in the record is inconclusive as to whether the claimant would be disabled in the absence of alcoholism, courts have found that a claimant is entitled to benefits. Salazar v. Barnhart, 468 F.3d 615, 623-25 (10th Cir. 2006); Brueggeman v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003). Thus, while the burden is on the claimant to show a disability and to show that alcoholism was not a contributing factor, the Commissioner has an obligation to create a record that claimant's alcoholism *materially* affected the determination of disability. Brueggeman, 348 F.3d at 693 ("In colloquial terms, on the issue of materiality of alcoholism, a tie goes to [the claimaint].").

In case at hand, Magistrate Judge Mannion found that the ALJ's decision is not supported by substantial evidence because the record contains no objective medical or psychological evidence indicating that Singer would not be disabled if she stopped using drugs or alcohol.

Magistrate Judge Mannion cites to the various assessments of Singer's doctors that the substance-abuse problems and mental-health issues experienced by Singer are inextricably enmeshed with each other.  See, e.g., Tr. 164 ("Her substance abuse problems are so intertwined with her other mental health diagnoses, that we are unable to separate one entity from the other.")  According to Magistrate Judge Mannion, such testimony proves that the evidence proves that the record is, at best, inconclusive as to whether Singer's alcoholism was a "contributing factor" to her disability.

Defendant disagrees with the Magistrate Judge's findings.  Defendant argues that the evidence of record plainly demonstrates that when she is sober, Singer feels fine.  There is certainly evidence that, as a subjective matter, Singer felt better when sober.  However, neither the ALJ nor the Defendant cite to any *objective* evidence that would indicate that Singer would not be "disabled" within the meaning of the statute if she were sober.  Without substantial evidence supporting a finding that Singer's alcoholism was a *material* contributing factor, the Court cannot sustain the findings of the ALJ.

In light of the foregoing, the Report and Recommendation will be adopted.

### III.   ORDER

**AND NOW**, on this 28th day of September, 2007, **IT IS HEREBY ORDERED THAT** Plaintiff's appeal is **GRANTED**.  **IT IS FURTHER ORDERED THAT** this Plaintiff shall be awarded benefits contingent on her meeting the requirements of 20 C.F.R. § 416.1725.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania